UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE ALTIERI,<br>      Plaintiff, | : <br> : <br> : |
| v. | : Civil Action No.: 3:11cv00905(AVC) |
| BIC USA INC.,<br>      Defendant. | : <br> : August 4, 2011 <br> : |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant BIC USA Inc. ("Defendant" or "BIC") moves to dismiss Plaintiff's Complaint for failure to allege specific facts that could plausibly support her asserted legal claims and otherwise failing to plead facts that state a claim, as a matter of law. At best, Plaintiff collects in this lawsuit the various unpleasantries she claims to have experienced during her eleven years of employment at BIC and wraps them in a putative sexual harassment claim. When she presented this collection to the Connecticut Commission on Human Rights and Opportunities (CHRO), the CHRO told her appropriately that her legal claim was "frivolous" and dismissed it at the earliest opportunity. Plaintiff presents the same list of alleged unpleasant events to this Court and, by any analysis, her claim remains frivolous. Notably, Plaintiff relies on isolated comments by various BIC personnel years outside the limitations period, with no connection to each other or the sparse isolated events Plaintiff alleges occurred within the limitations period. Even accounting for these long untimely isolated occurrences, as alleged, Plaintiff fails to plead a plausible claim of conduct based on sex that was so severe or pervasive that it constitutes a violation of Title VII or the Connecticut Fair Employment Practices Act (CFEPA).

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Falling far short of the pleading standard and the applicable legal standard for stating a claim, Plaintiff alleges in the Complaint that she was subject to an average of fewer than two such incidents over eleven years at BIC; the lion's share of such incidents had tangentially sexual meaning, if any, and were not directed at Plaintiff or women in particular; and, significantly, Plaintiff complained to BIC management regarding two such occurrences by two different BIC employees and when she did, BIC promptly investigated, took appropriate remedial action, and Plaintiff did not again complain of conduct by those alleged actors thereafter. Additionally, Plaintiff does not claim that her job was at all affected by this conduct and, therefore, fails to plead an essential requirement of a sexual harassment claim. To the contrary, she acknowledges that BIC promoted her three times, that she remains a Brand Manager, and alleges that her performance has always been superior. Plaintiff's allegations that BIC personnel did not live up to her personal "civility code" for the workplace amounts to a recitation of infrequent, sporadic, even boorish conduct that fails to establish the essential elements of a sexual harassment claim and fails to satisfy the pleading standard of Rules 8 and 12(b)(6).

Similarly, Plaintiff fails to plead a plausible claim that BIC retaliated against her for complaining of sex-based harassment to the CHRO and fails to plead facts sufficient to state the essential elements of such a retaliation claim. Plaintiff fails to allege that she suffered any materially adverse employment action. Rather, she alleges her dissatisfaction with the manner of her communications with her supervisor and, in particular, that he does not communicate with her the way she wants him to communicate with her. Even if true, such "petty slight or annoyance" does not constitute a materially adverse employment action and her retaliation claim fails as a matter of law.

As all of Plaintiff's claims are similarly flawed, consisting solely of unsupported, conclusory statements, the Complaint is insufficient as a matter of law. Even assuming *arguendo* that the Complaint's allegations can be considered plausible under the applicable standard, she has failed to plead the essential elements of the alleged claims and, therefore, such claims fail as a matter of law.

As set forth more fully in the Memorandum of Law filed herewith, the Court should dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

DEFENDANT,
BIC USA INC.

By: _____
Michael J. Soltis (CT07143)
soltism@jacksonlewis.com
Jackson Lewis LLP
177 Broad Street, 8th Floor
P.O. Box 251
Stamford, CT 06904
Ph. 203.961.0404, Fax. 203.324.4704

Alison Jacobs Wice (CT21771)
wicea@jacksonlewis.com
90 State House Square, 8th Floor
Hartford, CT 06103
Ph. 860.522.0404, Fax. 860.247.1330

ITS ATTORNEYS

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Pursuant to the Chambers Practices of this Court, a copy of this Motion to Dismiss and all supporting documents have been sent via federal express delivery to:

> The Honorable Alfred V. Covello
> Senior, United States District Judge
> Abraham Ribicoff Federal Building
> United States Courthouse
> 450 Main Street - Suite 125
> Hartford, Connecticut 06103

This 4th day of August, 2011.

_____
Alison Jacobs Wice