UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE ALTIERI,<br>      Plaintiff, | : |
| v. | : Civil Action No.: 3:11cv00905(AVC) |
| BIC USA INC.,<br>      Defendant. | : December 8, 2011 |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND AND, ALTERNATIVELY, MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6) and 15, Defendant, BIC USA Inc., objects to Plaintiff's Motion to Amend her Complaint and, alternatively, moves to dismiss the Amended Complaint, if amendment is allowed. As set forth in the accompanying Memorandum of Law, this Court should deny Plaintiff's Motion to Amend because such amendment would be futile and because the remaining counts in the proposed Amended Complaint fail to state a claim as a matter of law. Defendant further submits that the Amended Complaint should be dismissed in its entirety for failure to state a claim, as further set forth in Defendant's Motion to Dismiss (Docs. 10, 11) the original Complaint (Doc. 2) and as provided in the accompanying Memorandum.

In short, Plaintiff's Motion to Amend should not be granted because the new factual allegations do not save her existing claims from dismissal; and the proposed new count for intentional infliction of emotional distress would be futile. As set forth in Defendant's motion to dismiss the original Complaint and supplemented by this Objection, the new factual allegations that Plaintiff's supervisor has been critical of her work does not establish that she was subject to materially adverse employment action based on protected conduct. Accordingly, amending the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Complaint to add such allegations does not save her retaliation claims (Counts Three and Five) from dismissal and allowing such amendment would be futile. The proposed Amended Complaint also alleges a new count for intentional infliction of emotional distress (Count Eight). That amendment would be futile because it is in large part untimely and Plaintiff fails to plead facts that would establish conduct so extreme and outrageous that it would satisfy the well-established high standard for such claims. Accordingly, proposed Count Eight would not survive a Rule 12(b)(6) Motion to Dismiss and the amendment should not be permitted.

Plaintiff's proposed amendments also fail to save her sexual harassment and negligence claims in the proposed Amended Complaint[1]. As set forth in Defendant's motion to dismiss the original Complaint, the proposed Amended Complaint recites approximately seventeen comments or incidents by at least nine different individuals to which Plaintiff claims to have taken offense over her eleven years of employment with Defendant. All but a few of the comments were made outside the applicable limitations periods. Of those that are timely, only three were directed to her and two of these have nothing to do with sex, but are comments concerning her getting divorced and/or remarried. These allegations do not amount to "severe or pervasive" harassment on the basis of sex and, therefore, Counts One, Two, Four and Six of the proposed Amended Complaint fail as a matter of law and the proposed additional factual allegations do not alter this conclusion.

---

[1] Plaintiff filed her original Complaint on June 3, 2011. An electronic copy of the Complaint, which Defendant accessed via email from the Court's CM/ECF system, contains only five counts. On August 4, 2011, Defendant filed its Motion to Dismiss all of those counts in the original Complaint. Thereafter, through Plaintiff's October 18, 2011 Objection to the Motion to Dismiss (Doc. 26), her Motion to Amend her Complaint of the same date (Doc. 27), and Plaintiff's Objection to Defendant's request for an extension of time (Doc. 29), Defendant learned that there may be pages containing a sixth and seventh count, sounding in negligence and an additional Connecticut Fair Employment Practices Act sexual harassment claim, that were not filed and/or which Defendant did not receive by the CM/ECF notice. Accordingly, Defendant address those Counts as new claims filed for the first time as part of the Amended Complaint.

Further, Plaintiff's allegations of harassment in the proposed Amended Complaint that fall within the limitations period, as alleged under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act (CFEPA), are based entirely on speech of other BIC employees and would require the Court to apply a vague and over broad proscription to limit speech in a private workplace without a clear or constitutional standard.

Additionally, Plaintiff's claim for Negligence (Count Seven) fails as a matter of law because it is untimely. Further, irrespective of such untimeliness Plaintiff cannot sustain a claim against her employer under negligence based on conduct during her ongoing employment. Accordingly, Count Seven should be dismissed in its entirety.

As set forth more fully in the Memorandum of Law filed herewith, the Court should deny Plaintiff's Motion to Amend, or alternatively, dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

DEFENDANT,
BIC USA INC.

By: /s/ Alison Jacobs Wice
Michael J. Soltis (CT07143)
soltism@jacksonlewis.com
Jackson Lewis LLP
1010 Washington Blvd.
Stamford, CT 06901
Ph. 203.961.0404, Fax. 203.324.4704

Alison Jacobs Wice (CT21771)
wicea@jacksonlewis.com
90 State House Square, 8th Floor
Hartford, CT 06103
Ph. 860.522.0404, Fax. 860.247.1330

ITS ATTORNEYS

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Objection and, Alternatively, Motion to Dismiss the Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Pursuant to the Chambers Practices of this Court, a copy of this Motion to Dismiss and all supporting documents have been sent via federal express delivery to:

> The Honorable Alfred V. Covello
> Senior, United States District Judge
> Abraham Ribicoff Federal Building
> United States Courthouse
> 450 Main Street - Suite 125
> Hartford, Connecticut 06103

This 8th day of December, 2011.

_____
Alison Jacobs Wice

4