UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE ALTIERI,<br>  Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 3:11cv00905(AVC) |
| | : | |
| BIC USA INC.,<br>  Defendant. | : | December 22, 2011 |

## DEFENDANT'S RENEWED MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Defendant, BIC USA Inc., renews its Motion to Dismiss the Amended Complaint in its entirety, as set forth in its Objection to Plaintiff's Motion to Amend, Alternatively Motion to Dismiss Amended Complaint, filed with this Court on December 8, 2011.

## A.    PROCEDURAL HISTORY

1.    Plaintiff filed her original Complaint (Doc. 2) on June 3, 2011.

2.    On August 4, 2011, Defendant timely filed its Motion to Dismiss that Complaint in its entirety. (Docs. 10, 11.) Thereafter, on October 18, 2011, Plaintiff filed her Objection to that Motion to Dismiss. (Doc. 26.)

3.    Upon further review of the original Complaint in light of Plaintiff's Objection to Defendant's request for an extensions of time related to briefing on the Motion to Dismiss the original Complaint, it appeared that there may be pages containing a sixth and seventh count, sounding in negligence and an additional Connecticut Fair Employment Practices Act (CFEPA) sexual harassment claim, that were not filed and/or which Defendant did not receive as part of the original Complaint. As those counts are not contained in the Complaint on record in this

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

matter and on which Defendant based its August 4, 2011 Motion to Dismiss (Docs. 10, 11) the original Complaint, Defendant did not address those two Counts in that earlier Motion.

4.      Also on October 18, 2011, Plaintiff moved to amend the Complaint to add new factual allegations related to alleged conduct of her supervisor and to add a new eighth count alleging intentional infliction of emotional distress.  (Doc. 27.)  Defendant filed its objection to amendment, alternatively a Motion to Dismiss the Amended Complaint, with supporting Memorandum, on December 8, 2011.  (Doc. 32.)  The objection and motion that Defendant filed in a one document were docketed separately as an Objection to Plaintiff's Motion to Amend and a Motion to Dismiss the Amended Complaint, both supported by the same single Memorandum of Law. (Doc. 32, 33, 34.)

5.      By its Order of December 16, 2011, the Court granted Plaintiff's Motion to Amend (Doc. 35), while Defendant's Motion to Dismiss the Amended Complaint remains pending.

6.      On December 21, 2011, Plaintiff filed her Amended Complaint (still dated October 18, 2011). (Doc. 37.)

**B.    PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

For the reasons set forth in Defendant's Memorandum in support of its Motion to Dismiss the original Complaint and its Memorandum in support of its Motion to Dismiss the Amended Complaint, Defendant hereby renews its motion to dismiss Plaintiff's Amended Complaint for failure to allege specific facts that could plausibly support her asserted legal claims and otherwise failing to plead facts that state a claim, as a matter of law.  Plaintiff's collection of unpleasantries she claims to have experienced during her eleven years of employment at BIC, including more recently alleged isolation by her co-workers and criticism from her supervisor

2

following her commencement of this Action, simply do not state a claim of a violation of any of the state or federal laws on which Plaintiff purports to rely.

In putative support of her sexual harassment claims (Counts One, Two, Four and Six), Plaintiff relies on isolated comments by various BIC personnel years outside the limitations period, with no connection to each other or the sparse isolated events Plaintiff alleges occurred within the limitations period. Of those that are timely, only three were directed to Plaintiff and two of these have nothing to do with sex, but are comments concerning her getting divorced and/or remarried. Even accounting for those isolated occurrences which are long outside the limitations period, Plaintiff fails to plead a plausible claim of conduct based on sex that was so severe or pervasive that it constitutes a violation of Title VII or the CFEPA. Therefore, Counts One, Two, Four and Six of the Amended Complaint fail as a matter of law.

Further, Plaintiff's allegations of sexual harassment under Title VII and CFEPA, particularly viewing those that are alleged to fall within the limitations period, are based entirely on speech of other BIC employees and would require the Court to apply a vague and over broad proscription to limit speech in a private workplace without a clear or constitutional standard.

Plaintiff also fails to plead a plausible claim that BIC retaliated against her for complaining of sex-based harassment to the CHRO and fails to plead facts sufficient to state the essential elements of actionable retaliation. (Counts Three and Five.) Plaintiff fails to allege that she suffered any materially adverse employment action. Rather, she relies on allegations of her dissatisfaction with the manner of her communications with her supervisor and, in particular, that he does not communicate with her the way she wants him to communicate with her. Neither those claims, nor Plaintiff's allegations that her supervisor has been critical of her work would establish that she was subject to materially adverse employment action based on protected

3

conduct. Even if true, such "petty slights or annoyances" do not constitute a materially adverse employment action and her retaliation claims fail as a matter of law.

Plaintiff's claim for Negligence (Count Seven) fails as a matter of law because it is untimely. Further, irrespective of such untimeliness, pursuant to the law of this State, Plaintiff cannot sustain a claim against her employer under negligence based on conduct during her ongoing employment. Accordingly, Count Seven should be dismissed in its entirety.

Plaintiff's claim of intentional infliction of emotional distress (Count Eight) also fails as a matter of law. This claim is also largely untimely. Further, Plaintiff fails to plead facts that would establish conduct so extreme and outrageous that it would satisfy the well-established high standard for such claims. Accordingly, Count Eight should be dismissed.

As set forth more fully in the Memoranda of Law filed in support of Defendant's Motions to Dismiss the original Complaint and the Amended Complaint (Doc. 10, 11, 32, 33, 34), the Court should dismiss Plaintiff's Amended Complaint in its entirety.

Respectfully submitted,

DEFENDANT,
BIC USA INC.

By: _Alison Jacobs Wice_

Michael J. Soltis (CT07143)
soltism@jacksonlewis.com
Jackson Lewis LLP
1010 Washington Blvd.
Stamford, CT 06901
Ph. 203.961.0404, Fax. 203.324.4704

Alison Jacobs Wice (CT21771)
wicea@jacksonlewis.com
90 State House Square, 8th Floor
Hartford, CT 06103
Ph. 860.522.0404, Fax. 860.247.1330

ITS ATTORNEYS

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Renewed Motion to Dismiss the Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Pursuant to the Chambers Practices of this Court, a copy of this Motion to Dismiss and all supporting documents have been sent via federal express delivery to:

> The Honorable Alfred V. Covello
> Senior, United States District Judge
> Abraham Ribicoff Federal Building
> United States Courthouse
> 450 Main Street - Suite 125
> Hartford, Connecticut 06103

This 22d day of December, 2011.

Alison Jacobs Wice