UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE ALTIERI, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:11-CV-00905(AVC) |
| | : | |
| v. | : | |
| | : | |
| BIC USA INC. | : | December 28, 2011 |
|     Defendant | : | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure the Plaintiff, Nicole Altieri, respectfully requests leave of this Court to file a Second Amended Complaint. The Plaintiff seeks to amend her complaint to add additional facts which have occurred following the filing of her Amended Complaint which relate to her counts for Retaliation in violation of Title VII and CFEPA, which Plaintiff has alleged as Counts Three and Five in her Amended Complaint. The facts that Plaintiff wishes to include in her Second Amended Complaint document additional incidents of retaliation against the Plaintiff by the Defendant which are materially different in scope and impact and which continue to occur as a result of the Plaintiff's filing of her Complaint and Amended Complaint. These new incidents set up the process to actively terminate the Plaintiff's employment and insulate the Defendant.

Plaintiff's proposed Amended Complaint is being filed concurrently with this Motion.

I.      PROCEDURAL POSTURE

1

The plaintiff commenced this action on June 3, 2011. Defendant filed a Motion to Dismiss on August 4, 2011. Plaintiff objected to the Defendant's Motion to Dismiss on October 18, 2011. Plaintiff also filed a Motion to Amend her Complaint on October 18, 2011 to allege additional acts of the Defendant that had occurred following the filing of her Complaint. That Motion was granted by the Court on December 16, 2011, at which time the Defendant's Motion to Dismiss was denied as moot. On December 21, 2011, the Plaintiff's Amended Complaint was filed. The following day, the Defendant filed its renewed Motion to Dismiss the Plaintiff's Amended Complaint. This was the same day on which the Plaintiff experienced additional retaliatory adverse employment actions by the Defendant. The Plaintiff therefore wishes to amend her Complaint in order to allege these retaliatory actions which occurred following the filing of her Amended Complaint.

II.   ARGUMENT

The Plaintiff should be allowed to amend her complaint pursuant to FED. R. CIV. P. 15(a). Leave to amend should be freely granted when justice so requires. Forman v. Davis, 371 U.S. 178, 182 (1962). FED. R. CIV. P. 15(a) has been liberally interpreted by the Courts. Gillespie v. U.S. Steel Corp., 379 U.S. 148, 158 (1964). "When permitting the amendment would [not] require extensive preparation and consume extensive amounts of trial time to the detriment of a speedy resolution of the case, the amendment should be [granted]." See Assam v. Deer Park Spring Water, 163 F.R.D. 400, 403-4 (E.D.N.Y. 1995) (citing E.E.O.C. v. Sage Realty Corp., Inc., 87 F.R.D. 365, 371 (S.D.N.Y. 1980)). "When the underlying facts or circumstances relied upon by a plaintiff

may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman, 371 U.S. at 182.

In the present case, the Plaintiff remains employed with the Defendant and continues to experience acts of retaliation. These events occurred following the filing of the Plaintiff's Amended Complaint, yet still relate directly to her claim for retaliation in violation of Title VII and CFEPA. The Plaintiff requests that she be able to amend her Complaint to allege these new events so that they may be considered by the Court in evaluating her claims for retaliation.

Denying the Plaintiff the ability to include these events in her Complaint in the present matter would require the Plaintiff to allege these newly discovered facts in an entirely different case. Doing so would not only prejudice both parties, but is contrary to the accepted principle of judicial economy by forcing the litigation of facts that stem from the same nucleus of operative nucleus in multiple suits. Assam v. Deer Park Spring Water, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) (citing Hood v. P. Ballantine & Sons, 38 F.R.D. 502, 503 (S.D.N.Y. 1965)("For purposes of judicial efficiency, it is the courts' preference "to have all aspects of a litigation terminated at one time, thus, negating any possibility of fragmented suits.").

The Defendant will not be prejudiced by the Court's granting this motion because the facts that Plaintiff is alleging that have occurred following the filing of her Amended Complaint also stem from the same set of facts that the Plaintiff has already alleged. Therefore, the Defendant's arguments regarding such events will not likely be influenced by the addition of these newly discovered facts.

If the Court feels that the newly alleged events as detailed in paragraphs ninety-eight (98) through one hundred and thirteen (113) and those alleged in Counts Three and Five of the Plaintiff's attached Second Amended Complaint are sufficiently covered by the Plaintiff's notice pleading in her first Amended Complaint, the Plaintiff will concede that the current requested leave to amend is not required.  However, if the Court does not feel that the newly discovered events should be considered under the pleading in her Amended Complaint, the Plaintiff requests that she be granted leave to amend her Complaint to add these recent events.

### III.     CONCLUSION

For the foregoing reasons Plaintiff requests this motion be granted.

> RESPECTFULLY SUBMITTED,
> THE PLAINTIFF
> NICOLE ALTIERI
>
> By: _____/s/_____
> Eugene N. Axelrod, Esq. (ct00309)
> Axelrod & Associates, LLC
> 8 Lunar Drive
> Woodbridge, CT  06525
> Tel. No.: (203) 389-6526
> Fax No.: (203) 389-2656

**CERTIFICATION**

I hereby certify that on December 28, 2011 a copy of the foregoing Motion was electronically filed and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing through the Court's CM/ECF System.

By     /s/    .
Eugene N. Axelrod, Esq. (ct00309)